FILED IN
COURT OF CRIMINAL APPEALS

March 4, 2015

ABEL ACOSTA, CLERK

WR-55,161-02
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/3/2015 4:59:55 PM
Accepted 3/4/2015 9:50:00 AM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

_____

## NO. WR-55-161-02

_____

## EX PARTE ERIC DEWAYNE CATHEY,

## Applicant.

_____

## On Application for Writ of Habeas Corpus

## Cause No. 713189-B in the 176th District Court, Harris County

_____

## REQUEST FOR ORAL ARGUMENT

Layne E. Kruse
State Bar No. 11742550
layne.kruse@nortonrosefulbright.com
Sumera Khan
State Bar No. 24064319
sumera.khan@nortonrosefulbright.com
Emery G. Richards
State Bar No. 24093038
emery.richards@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Telecopier: (713) 651-5246

**Counsel for Eric DeWayne Cathey**

## REQUEST FOR ORAL ARGUMENT

On January 22, 2015, this Court submitted for rehearing *Ex Parte Eric DeWayne Cathey*, No. WR-55-161-02, 2014 Tex. Crim. App. LEXIS 1762 (Tex. Crim. App. Nov. 5, 2014). At issue is how Texas should apply the mandate of *Atkins v. Virginia*, 536 U.S. 304 (2002) to exclude intellectually disabled[1] persons from execution in light of the U.S. Supreme Court's holding in *Hall v. Florida*, 134 S. Ct. 1986 (2014) that these determinations be consistent with the medical community's current diagnostic framework for intellectual disability. In overturning the trial court's finding that Mr. Cathey is mentally retarded and cannot be executed, this Court upheld the *Ex parte Briseño* adaptive functioning factors, refused to allow the clinically-indicated Flynn Effect IQ-score adjustment, and rejected the finding that the best clinical practice adjusts an IQ score which was closer to the date of conviction instead of retesting after years of incarceration.

Mr. Cathey acknowledges that upon a grant of rehearing, "[o]ral argument may, but normally will not, be permitted," Tex. R. App. P. 79.4, and that if a case is not set for oral argument "counsel may—within 30 days of the date of the clerk's notice—petition the Court to allow argument." Tex. R. App. P. 75.2. In light of the fact that it is unclear whether a grant of rehearing has occurred, Mr. Cathey prays the Court grant his request for oral argument so the unique and precedential issues in his case may be considered fully.

---

[1] In accord with *Hall v. Florida*, the term "intellectual disability" is used to refer to the disability previously known as "mental retardation." This request uses "mental retardation" since it was used in the trial court findings.

Respectfully submitted,

_____/s/ Layne E. Kruse_____

Layne E. Kruse
State Bar No.  11742550
layne.kruse@nortonrosefulbright.com
Sumera Khan
State Bar No.  24064319
sumera.khan@nortonrosefulbright.com
Emery G. Richards
State Bar No. 24093038
emery.richards@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  (713) 651-5151
Telecopier:  (713) 651-5246

**Counsel for Eric DeWayne Cathey**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above document was served on the State of Texas through electronic filing of this document and by mailing a copy, postage prepaid, to Roe Wilson, Harris County District Attorney's Office, 1201 Franklin, Houston, Texas 77002 and Jefferson Clendenin, Office of the Texas Attorney General, P.O. Box 12548, Austin, Texas 78711 on this 3rd day of March 2015.

/s/ Layne E. Kruse
Layne E. Kruse